IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 14 B 12544 |
| Jaime Galvan, ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| Jaime Galvan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO.  14-00268 |
| ) | |
| Bank of America, N.A., ) | |
| ) | |
| Defendant. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Defendant, Bank of America, N.A., the following finding of fact and conclusions of law are made and will be entered:

1. Plaintiff is an individual residing at 3107 N. Monticello Ave., Chicago, IL 60618.

2. Bank of America, N.A., is a lender and/or servicer of mortgages.

3. Plaintiff filed for relief under Chapter 13 of the United State Bankruptcy Code April 4, 2014 in the Northern District of Illinois, case number 14-12544.

4. The adversary proceeding arises under section 506(A) and 1322(b)(s)of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § §151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6. Plaintiff is the owners of real estate located at 3516 W. Irving Park Road, Chicago, IL 60618, described as follows:

    Common Address: 3516 W. Irving Park Road, Chicago, IL 60618
    Parcel ID#: 13-14-425-039-0000

7. The Subject Property is Plaintiff's investment property.

8. The fair market value of the real estate is $160,000.00 pursuant to Exhibit B to the original adversary complaint.

9. The first mortgage lien on the subject property is currently held by Defendant, Bank of America, (Account # XXXXXX0210) in the amount of $218,576.00 pursuant to Exhibit A to the original adversary complaint.

10. The second mortgage on the subject property is also held by Defendant, Bank of America, (Account # XXXXXX0212) in the amount of $56,999.00, pursuant to Exhibit B to the original adversary complaint.

11. Under 11 U.S.C. §§ 506(a) and 1322(b)(s), Defendant's first mortgage (Account # XXXXXX0210) would be allowed a completely secured claim to the extent of the value of the estate's interest in the property securing the claim, however the secured claim of Defendant Bank of America, (Account # XXXXXX0210) exceeds the value of the subject property therefore Defendant's lien is secured to the extent to what the subject property is valued at and shall be paid as specified below:

Bank of America's claim (Account # XXXXXX0210) against 3516 W. Irving Park Rd. Chicago, IL 60618 is to be paid in full during the plan term at a priority E3 of this Plan, with interest at an annual percentage rate specified below in the amounts stated regardless of contrary proofs of claim, in monthly installments, with fixed monthly payments as specified below:

(a) Creditor: Bank of America (Account # XXXXXX0210)
(b) Collateral: 3516 W. Irving Park Rd. Chicago, IL 60618
(c) Amount of secured claim: $160,000.00
(d) APR 3.25%
(e) Fixed monthly payment: $3,007.93
(f) Total estimated payments, including interest, on the claim: $165,200.00.

The remainder of Bank of America's claim (Account # XXXXXX0210) shall be paid as an general unsecured creditor as listed in section E8 of this plan and will be discharged upon a discharge order issued by the Court, at which time the lien shall be deemed released.

12. The amount owed on the first mortgage, $218,576.00 exceeds the value of the above real estate, $160,000.00.

13. Due to the senior mortgage lien, which is held by Defendant, being partially unsecured, it should not be allowed as a completely secured claim, and the mortgage may be crammed down and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See, In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant Bank of America, N.A., allowing Defendant's mortgage being paid as specified within.

ENTERED

_____
U.S. Bankruptcy Judge

Dated: JUL 08 2014

Ryan J. Waite
Attorney for Plaintiff
The Waite Law Firm
5639 Washington Street
Downers Grove, IL 60516
773-680-0610